# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| LLOYD KING, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:09-CV-2057 CAS |
| | ) | |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | |

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court on petitioner's pretrial petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner, a pretrial detainee in a proceeding to determine whether he should be confined as a sexually violent predator, argues that he should be released from his confinement because the state court has failed to comply with Mo. Rev. Stat. § 632.492, which petitioner interprets as requiring the court to conduct a trial within 60 days of completion of a psychiatric evaluation. For the reasons stated below, the petition will be summarily dismissed.

### Standard

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a habeas petition if it plainly appears that the petitioner is not entitled to relief. Rule 4 applies to habeas petitions arising under 28 U.S.C. § 2241. <u>See</u> Rule 1(b) of the Rules Governing § 2254 Cases.

Under 28 U.S.C. § 2241(c)(3), the federal courts have jurisdiction over pretrial habeas petitions. <u>Neville v. Cavanagh</u>, 611 F.2d 673, 675 (7th Cir.1979). "Despite the existence of jurisdiction, however, federal courts are reluctant to grant pre-trial habeas relief." <u>Id.</u> Only when "special circumstances" exist will a federal court find that a pretrial detainee has exhausted state

remedies. Id. "In most cases courts will not consider claims that can be raised at trial and in subsequent state proceeding." Blanck v. Waukesha County, 48 F.Supp.2d 859, 860 (D. Wis. 1999).

### Discussion

Petitioner has been in pretrial custody since about April 28, 2009. In the Matter of Lloyd King, 09MC-PR00036 (McDonald County Probate Court) available at https://www.courts.mo.gov/casenet/base/welcome.do. Petitioner alleges that he was examined by a psychiatrist or psychologist in accordance with Mo. Rev. Stat. § 632.489 during early July 2009. Petitioner further alleges that the psychiatrist's or psychologist's report was submitted to the court on about July 15, 2009. Petitioner argues that under § 632.492, the court was required to conduct a trial within 60 days of the filing of the psychological report.

Missouri Revised Statute § 632.492 states in relevant part:

Within sixty days after the completion of any examination held pursuant to section 632.489, the court shall conduct a trial to determine whether the person is a sexually violent predator. The trial may be continued upon the request of either party and a showing of good cause, or by the court on its own motion in the due administration of justice, and when the respondent will not be substantially prejudiced.

Petitioner argues that the words "shall conduct a trial . . ." demonstrate the mandatory nature of the statute.

Petitioner's argument fails. In the context of speedy trial statutes, the United States Court of Appeals for the Eighth Circuit has held that "[t]he question of whether the state violated its own speedy trial statute is a matter for the state courts" and is not cognizable on federal habeas review. Matthews v. Lockhart, 726 F.2d 394, 396 (8th Cir. 1984). The same is true in this case. Whether the state court has complied with the terms of § 632.492 is a state court matter, and this Court has no jurisdiction to review such a claim. As a result, the petition must be dismissed.

Furthermore, petitioner has not demonstrated a substantial showing of the denial of a constitutional right. As a result, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis is **GRANTED**. [Doc. 2]

**IT IS FURTHER ORDERED** that petitioner's pretrial petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED**. [Doc. 1]

**IT IS FURTHER ORDERED** that the Court will not order a certificate of appealability.

An Order of Dismissal will accompany this Memorandum and Order.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  13th  day of January, 2010.